FULLER *against* BETTES.

*New-London,*
July, 1833.

Fuller
*v.*
Bettes.

In *April*, 1823, *A* and *B* entered into an agreement in writing, whereby *A* agreed to suffer *B* to improve *A's* farm, together with the stock and farming tools thereon ; for such improvement, *B* undertook to support *A* and his wife, during their natural lives, in sickness and in health ; and *A* further agreed, that after the decease of himself and wife, *B* should have all *A's* estate ; it being stated in the agreement, that *A* had, by will, given to *B* his whole estate, after the decease of *A* and his wife. Such a will *A* in fact made, and put into the hands of a depositary ; and *B* went into possession of the property mentioned in the agreement, and occupied and enjoyed it. He also supported *A* and his wife until her death, in *September*, 1830, and *A* afterwards. In *May*, 1831, *C*, availing himself of the weakness and infirmity of *A's* mind, he being then eighty-five years old, and of impaired understanding, procured from *A*, without any consideration, a deed of said farm ; after which, *C*, having knowledge of all these facts, brought eject-ment against *B*. On a bill in chancery, brought by *B* against *A* and *C*, for relief against such deed, and for an injunction, it was held, 1. that *B*, by such agreement, was to have the use of the estate during the life of *A*, and the estate absolutely, after *A's* death ; 2. that the conduct of *C* was grossly fraudulent ; and consequently, that *B* was entitled to a decree declaring such deed void, and enjoining *C* against further prosecuting his action of ejectment, and *A* against making any conveyance inconsistent with the agreement between him and *B*.

THIS was a bill in chancery, founded on a contract between the plaintiff and *Azariah Bill*, which was thus set forth in the bill : That on the 16th of *April*, 1823, it was agreed between them, that the plaintiff should support *Bill* and wife, in a comfortable and handsome manner, both in sickness and in health, during their natural lives ; and that the plaintiff should have the use and improvement of the farm, stock, and farming tools of said *Bill*, during his life ; and that at the decease of said *Bill* and wife, he should have all *Bill's* estate, excepting five dollars.

The bill then proceeded to state, that said *Bill*, to effectuate his intention, executed his last will and testament, sufficient to convey lands, and lodged the same, with the contract, with *Nathan Brooks*, Esq. of *Lisbon*, therein giving, at his death, all his estate to the plaintiff. The plaintiff went into possession of all the property ; continued to occupy and enjoy it ; and sup-ported *Bill* and his wife until her death, which took place on the 5th of *September*, 1830, and *Bill* ever since.

The bill then alleged, that *Bill*, being now more than eighty-five years old, had become greatly impaired in his mind ; and

HARVARD LAW LIBRARY

on the 10th of *May,* 1831, having been induced by *William Bettes,* one of the defendants, of *Sandisfield,* in the commonwealth of *Massachusetts,* to remove with him thither, gave a deed of all his farm to said *Bettes;* that the deed was procured by *Bettes,* by availing himself of the weakness and infirmity of the grantor's mind, and without any consideration therefor, and was afterwards duly recorded; and that *Bettes* had brought his action of ejectment, to turn the plaintiff out of possession; he, *Bettes,* being, and having been from the execution of the contract, acquainted with all the facts aforesaid.

The bill sought relief against the deed, and that *Bettes* might be enjoined against prosecuting his action of ejectment.

On the hearing, before the superior court, at *Norwich, March* term, 1833, the plaintiff, in support of the allegations in his bill, adduced the following contract in evidence : " An agreement, made this day, between *Azariah Bill,* of *Lisbon,* in *New-London* county, on the one part, and *John Fuller,* of said *Lisbon,* on the other, *witnesseth,* that the said *Bill* agrees, on his part, to suffer the said *Fuller* to improve said *Bill's* farm, which lies in said *Lisbon,* in *Hanover* society, together with the stock and farming tools on the same ; and whereas the said *Bill* has, by will, given his whole estate, except five dollars, after the decease of said *Bill* and his wife, to said *Fuller ;* said *Fuller* agrees, on his part, to support said *Bill* and his wife, through their natural life, in sickness and in health, in a handsome, comfortable manner. It is understood between the above parties, that the said *Fuller* has undertaken to support the said *Bill* and his wife, for the improvement of all said *Bill's* estate ; and after the decease of said *Bill* and wife, said *Fuller* is to have all said *Bill's* estate, except five dollars before mentioned. Dated, *Lisbon, April* 16th, 1823.

*Azariah Bill,*
*John Fuller.*"

This agreement was objected to, as variant from that set forth in the bill ; but it was admitted ; and the facts stated in the bill were found to be true. The case was thereupon reserved for the consideration and advice of this court, on the question of variance, and also on the question what decree ought to be passed.

*Goddard* and *Strong,* for the plaintiff, contended, 1. That

New-London,
July, 1833.

Fuller
v.
Bettes.

the plaintiff, by virtue of his contract with *Bill*, was entitled to the use of the farm and tools, during the life of *Bill*, and to the absolute ownership of the property afterwards.

2. That the conduct of the defendants was a palpable infringement of the plaintiff's rights. On the part of *Bill*, it was a direct violation of his agreement, the benefits of which he had enjoyed for eight years; and on the part of *Bettes*, it was a gross fraud. He was a mere volunteer, fully apprized of all the facts in the case.

3. That the relief sought was the proper mode and measure of redress. The plaintiff is entitled to the possession of the farm itself; and is not bound to seek remuneration in damages. He is entitled, also, to have the deed, thus wrongfully given and fraudulently obtained, and which purports to transfer the legal title, set aside. *Reeve's Dom. Rel.* 411. *Hall* v. *Warren*, 9 *Ves.* 608. *Legard* v. *Hodges*, 3 *Bro. Ch. Ca.* 531.

4. That the agreement given in evidence was in no respect variant from that set forth in the bill.

*J. W. Huntington* and *Child*, for the defendants, after premising, that this plaintiff, like every other plaintiff, must recover, if at all, by virtue of the strength of his own title; and that *Bill* being the owner of the property, the right of the plaintiff must rest upon the contract alone; contended, 1. That by virtue of the contract, the plaintiff had merely the interest of *a tenant at will*. *Bill* agrees "to *suffer* said *Fuller* to improve said *Bill's* farm" in *Lisbon*, "together with the stock and farming tools on the same;" but as to the *duration* of this improvement, the contract is silent.

2. That if the import of the contract is to grant *an estate for life*, the plaintiff is not entitled to a decree vesting him with such an estate; first, because the grant is not absolute, but *conditional*, depending upon the continuance of the support to be furnished by the plaintiff. *Non constat* that the condition will be performed. On the failure of the plaintiff, his right, *eo instanti*, ceases. Secondly, this objection cannot be obviated, by making it a part of the decree, that the plaintiff shall give bond for the support of *Bill*. This would be substituting a contract made by the court for the contract of the parties. *Bill* never meant to put his property beyond his own controul. He relied for his security upon his right to possess it. The

*New.London,*
*July, 1833.*

*Fuller*
*v.*
*Bettes.*

court is called upon to compel him to accept of a different security, not contained in the contract; and that too when the plaintiff is claiming under the contract. Thirdly, this contract, if a grant of an estate for life, is void as against *Bettes*, not being sealed, acknowledged, or recorded.

3. That the court cannot vest the *fee* of this land in the plaintiff. If the contract gives him any right to it after the death of *Bill*, it is a right to it *by will*.

4. That no fraud is imputable to *Bettes*. He took the deed, it is true, with the knowledge of the plaintiff's claim. He knew that the plaintiff had a contract with *Bill ;* but he knew also, that it conveyed to him no title whatever. Ten years ago, *A.* made a parol contract with *B.* to sell him a farm. Would it be a fraud in *C.* to take a deed of it now ?

5. That if there be no fraud or mistake, and the instrument is drawn as the parties intended it should be, chancery will not relieve, in any way, against the legal consequences resulting from it, though they may not have been apprehended, by the parties, and are different from what they expected. *Lyon &* al. v. *Richmond &* al. 2 *Johns. Ch. Rep.* 51. 60.

[The objection of a variance was not pursued.]

DAGGETT, Ch. J.   On looking into the agreement, which is annexed and made part of the case, it seems impossible to raise a doubt whether it does not support the agreement set forth. The expressions, in many instances, and the substance in all, are identical.

As to the merits of the plaintiff's claims, it is exceedingly difficult to support them by argument. They are so palpable as to carry conviction to every mind. The agreement was reasonable, upon sufficient consideration, mutual and without fraud. The conduct of the defendant *Bettes*, according to all the principles with which I am acquainted, was grossly fraudulent. He, knowing all the facts, took a deed, after the plaintiff had become justly entitled to a full compensation for the support of *Bill* and wife, to deprive him of all the benefits of the contract. It would be disgraceful to our jurisprudence, if no relief could be had.

But it is said, that by this contract, the plaintiff was only entitled to *an estate for life*. I do not so read the contract. *Bill* agrees, that the plaintiff should have the use and improvement

of the farm and farming tools and stock, *during life;* and after, he is to have *all his estate.* Construing this agreement according to the rules which govern in such cases, it is perfectly clear, that the plaintiff was, by this contract, to have the estate *absolutely,* at the decease of *Bill.* His will to this effect is conclusive proof of the intention, as well as the contract.

The superior court, then, is to be advised, that the prayer of the bill be granted, and that a decree be passed, declaring the deed to *Bettes* void, and enjoining *Bettes* against further prosecuting the action of ejectment, and also enjoining *Bill* against making any conveyance inconsistent with the contract set forth in the bill, under suitable penalties.

The other Judges were of the same opinion, except CHURCH, J. who was absent.

Decree for plaintiff.